SAMUEL, Judge.
Plaintiffs filed this suit seeking to recover for personal injuries, medical expenses, and lost wages sustained by Mrs. Bridgette Indovina and her two minor sons as the result of an intersectional collision which occurred on May 6, 1975 in the intersection of Avenue B and Seventh Street in Marre-ro, Louisiana. Made defendants were Richard Jones, the operator of the other vehicle, Percy Washington, owner of the other vehicle, and Commercial Union Insurance Company, Washington’s liability insurer. Defendants answered, denying liability.
*176 After a trial on the merits, judgment was rendered in favor of plaintiffs and against defendants, Jones and Commercial Union, awarding Mrs. Indovina $8,000 in general damages and $279 in lost wages, awarding Mr. Indovina, on behalf of the community, past and future medical expenses of $1,918.68, awarding Mr. Indovina, as administrator of the estate of Edward Lance In-dovina, $1,000 in general damages and $115 for medical expenses, and awarding Mr. Indovina, as administrator of the estate of Darren S. Indovina, $400 in general damages and $140 in medical expenses, making a total award of $11,852.68.
Commercial Union has appealed from that judgment and plaintiffs have answered the appeal seeking an increase in the award to each plaintiff, and an additional award for future lost wages by Mrs. Indovina should she need to undergo additional surgery (the judgment appealed from did not make an award for future lost wages).
Commercial Union raises the issue of the negligence of Richard Jones. The evidence shows Indovina was proceeding west on Seventh Street at the time of. the accident, and the Washington automobile was proceeding south on Avenue B. A stop sign faced Jones as he approached the intersection.
Jones was in military service at the time of the trial, and it was stipulated by counsel he would testify that at the time of the accident he had stopped for the stop sign and was attempting to make a right turn onto Seventh Street, in the direction the Indovina vehicle was traveling. Jones’ version of the accident is that his vehicle was struck by a red automobile proceeding on Avenue B in a northerly direction, causing his car to spin around and strike the Indovi-na automobile, and after the collisions, the operator of the red automobile fled the scene of the accident.
Mrs. Indovina testified she was proceeding approximately 10 miles per hour on Seventh Street because she had just entered that street from Avenue A and was in a school zone. She stated there were no other vehicles involved in the accident, except for a parked car she struck after the Washington vehicle struck her car.
Plaintiffs also produced a witness, Mary Jenneskins, who was proceeding on Seventh Street in the direction opposite to that traveled by the Indovina vehicle. She testified she caught a glimpse of the Washington vehicle and stopped her own automobile as the Washington vehicle drove through the stop sign and hit the Indovina vehicle. She denied, as did Mrs. Indovina, the existence or involvement of any red automobile in the collision. On the contrary, she testified the vehicle driven by Jones was proceeding straight on Avenue B when it struck the Indovina car. She also indicated Jones was traveling at a high rate of speed when he ran the stop sign.
Defendants attempted to prove by photographs that red paint existed on the Indovi-na and Washington vehicles and that a witness at a garage in which the defendant vehicle later was stored saw red paint on the car. However, the trial judge obviously believed the plaintiffs’ version of the evidence and found the defendant Jones guilty of negligence. Although the evidence in the record is contradictory, we find that the trial judge did not abuse his discretion in holding for the plaintiffs on the factual issue thus presented.[1]
Defendants also complain the awards for personal injuries made on behalf of Mrs. Indovina and her two children were excessively high. The record contains extensive medical evidence regarding injury to Mrs. Indovina’s neck and elbow, her resulting disability, and the need for future surgery to relieve her elbow problem. Edward Lance Indovina was rendered unconscious in the collision, received a hematoma on the right side of his head, vomited twice on the day of the accident, and suffered dizziness for a few days thereafter. In *177 addition, plaintiffs testified he suffered nightmares about the accident for approximately three months and developed a fear of riding in an automobile. Darren, his brother, was seen by a physician on the day after the accident. He sustained a hemato-ma of his right leg, a hematoma of the right posterior portion of his head, and abrasions of his right leg.
Given these injuries, we hold the trial judge did not abuse his discretion in making the awards complained of by the parties.[2] We neither decrease the amounts as sought by appellant nor increase the amounts as sought by the appellees.
Appellant also complains the award of $1,170 for future medical costs for surgery to Mrs. Indovina’s elbow was not proven sufficiently, but was predicated on mere speculation by the trial judge. However, Doctor Wilmot Ploger, an orthopedic specialist, testified that, based on present hospital and medical costs, an operation of the type needed to relieve the pain in Mrs. Indovina’s right elbow would involve a $350 doctor fee for surgery, $320 for a three-to-four day hospital stay in a semi-private room, and $500 in laboratory fees. Louisiana courts have previously awarded damages for future medical expenses based on the estimates of competent physicians and, in our view, the trial judge did not commit error by making such an award.
We also are of the opinion the trial court acted correctly in refusing to make an award for loss of Mrs. Indovina’s future wages in the event of such an operation. There is no proof she will be working at a future time and such an award would be speculative.
Finally, appellant argues the trial court committed error by casting it and Richard Jones solidarily liable for medical expenses incurred by Mrs. Indovina in excess of $1,000. It bases its argument on the limits of liability for medical payments stated in the policy at $1,000 for each person.
The policy was pleaded by appellant in its answer, and introduced into evidence. In view of the specific policy language limiting the insurer’s liability to $1,000 for each person, we amend the judgment of the trial court to limit Commercial Union’s liability for the past and future medical expenses of Mrs. Indovina to the amount of $1,000.
For the reasons assigned, the judgment appealed from is amended only to the extent of limiting the liability of Commercial Union Insurance Company for medical expenses of Mrs. Bridgette Manzella Indovina to the amount of $1,000. As thus amended, and in all other respects, the judgment appealed from is affirmed. All costs of this appeal are to be paid by the appellant.
AMENDED AND AFFIRMED.

. Canter v. Koehring Company, La., 283 So.2d 716; Arceneaux v. Domingue, La., 365 So.2d 1330.

. See Coco v. Winston Industries, Inc., La., 341 So.2d 332.